UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JANI-KING OF MIAMI, INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 3:23-CV-0389-B |
| § | |
| RUSSELL LEICHT, MELODEE § | |
| LEICHT, JOHN DARCY, and § | |
| PREMIER PROPERTIES CLEANING § | |
| SERVICES, LLC, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendants Russell Leicht, Melodee Leicht, John Darcy, and Premier Properties Cleaning Services, LLC's Emergency Motion to Dissolve Temporary Restraining Order and Expedited Discovery Order (Doc. 5) and Plaintiff Jani-King of Miami, Inc. ("Jani-King")'s Emergency Motion to Extend the Temporary Restraining Order, Permit Expedited Discovery, and Set a Preliminary Injunction Hearing (Doc. 6). As explained below, the Court **GRANTS in part** and **DENIES in part** both Motions.

Specifically, the Court **DISSOLVES** the state court's Order Granting Plaintiff's Motion for Expedited Discovery ("Discovery Order") (Doc. 1-8). The Court **EXTENDS** the state court's Temporary Restraining Order ("TRO") (Doc. 1-9) for 13 days to allow the Court to fully consider the arguments of the parties. Finally, the Court **sets a preliminary injunction hearing** for Tuesday, March 14, 2022, at 10:30 AM. Defendants' response to Jani-King's request for preliminary injunction is due March 8, 2023. Jani-King's reply, should it wish to file one, is due March 13, 2023.

## I.

## BACKGROUND[1]

In this case, a franchisor seeks to enforce a noncompetition agreement against former franchisees. Jani-King is the world's leading commercial cleaning franchise company, serving a wide range of customer locations. Doc. 1-4, Pet., ¶¶ 15–16. Jani-King has more than 6,500 franchises, which it provides with the "Jani-King System," a range of confidential and proprietary information, including training materials, client information, trade secrets, and access to proprietary marks. *Id.* ¶¶ 15, 17.

In February 2013, Seminole Commercial Cleaning and Maintenance Services of Florida, LLC ("Seminole LLC") became one of these franchises. *See id.* ¶¶ 18, 23. Seminole LLC primarily focused on providing cleaning services to businesses operated by the Seminole Tribe of Florida, Inc. (the "Seminole Tribe"). *Id.* ¶ 19. Jani-King and Seminole LLC's franchise agreement (the "Franchise Agreement") granted Seminole LLC the right to operate a Jani-King franchise in three Florida counties—Broward, Dade, and Palm Beach—from February 1, 2013, to February 1, 2023. *Id.* ¶¶ 19, 23. The Franchise Agreement also gave Seminole LLC the right to use the "Jani-King System." *Id.* ¶ 20. In return, Seminole LLC and its principals agreed to be bound by the Franchise Agreement, including its noncompetition provisions. *Id.* ¶ 21.

---

[1] The Court draws the background facts from Jani-King's Original Petition and Application for Injunctive Relief (Doc. 1-4).

The noncompetition provisions bound Defendants[2] for two years following the Franchise Agreement's expiration on February 1, 2023. *Id.* ¶¶ 29–30. Among other things, Defendants agreed they would not own or operate a competing business in the territory, improperly use Jani-King's marks, or solicit any former customers during that period. *Id.* ¶ 29. In addition, they agreed not to employ anyone who had worked for Jani-King in the previous twelve months. *Id.*

A few weeks before the Franchise Agreement was set to expire, Defendant John Darcy notified Jani-King that Seminole LLC would not be renewing the franchise agreement. *Id.* ¶ 32. Instead, he said, its cleaning contracts would be "brought in house." *Id.* Shortly thereafter, two new entities were formed in Broward County, and the managers of both entities were Darcy and a former Jani-King employee, Ruben Garcia. *Id.* ¶¶ 35–37. Two weeks after the Franchise Agreement expired, cleaning staff wearing Seminole LLC uniforms were seen cleaning at the Coconut Creek Casino, a Jani-King account in Broward County. *Id.* ¶ 39. Additionally, Defendants have not returned Jani-King's property—including all materials, customer lists, processes, and concepts developed—as required by the Franchise Agreement. *Id.* ¶ 42.

On February 14, 2023, Jani-King sued Defendants for breach of contract in the District Court for the 68th Judicial District in Dallas, Texas. *Id.* at 1, ¶¶ 44–47. Jani-King applied for a TRO and requested a temporary injunction hearing. *Id.* ¶¶ 60–62. The state court issued the TRO, setting a temporary injunction hearing for February 28, 2022, *see* Doc. 1-9, TRO, and issued the Discovery

---

[2] Jani-King alleges each Defendant is considered a "Principal" under the Franchise Agreement and is thus bound by its terms. Doc. 1-4, Pet., ¶¶ 21–22, 30. The Franchise Agreement defines "Principals" as Seminole LLC's "owners, shareholders, members, officers, directors, and managers." *Id.* ¶ 22. Seminole LLC is a limited liability company with two members: the Seminole Tribe and Defendant Premier Properties Cleaning Services, LLC ("Premier"). *Id.* ¶ 18. The other Defendants are also related to Seminole LLC: Defendants Russell Leicht and John Darcy are managers of Seminole LLC, and Defendant Melodee Leicht is an owner and manager. *Id.* ¶ 22. The Seminole Tribe is not a defendant in this action. *Id.* ¶ 19.

Order, which allowed Jani-King to conduct expedited discovery to prepare for the temporary injunction hearing, *see* Doc. 1-8, Disc. Order. Defendants removed to this Court on February 20, 2023. *See* Doc. 1, Not. Removal. Defendants then filed their Emergency Motion (Doc. 5), asking the Court to dissolve both the TRO and the Discovery Order. Doc. 5, Defs.' Mot. On February 27, 2023, Plaintiff Jani-King filed its own Emergency Motion, asking the Court to extend the TRO, permit expedited discovery, and set a preliminary injunction hearing. Doc. 6, Pl.'s Mot.

## II.

## LEGAL STANDARD

If an action is removed from a state court to federal court, "[a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450. Upon removal, "interlocutory state court orders are transformed by operation of 28 U.S.C. § 1450 into orders of the federal district court to which the action is removed. The district court is thereupon free to treat the order as it would any such interlocutory order it might itself have entered." *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1304 (5th Cir. 1988). If "the state court order requires the parties to act or refrain from acting in a manner inconsistent with federal procedural requirements, the district court must accommodate the order to federal law." *Id.* at 1303 (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439–41 & n. 15 (1974)).

III.

ANALYSIS

As explained below, the Court finds that the Discovery Order cannot be accommodated to federal law. Jani-King has not shown good cause for entry of a discovery order, so the Discovery Order must be dissolved. The Court finds good cause exists to extend the TRO for 13 days, namely, to provide the Court time to fully consider the arguments of the parties.

A.  *The Discovery Order*

Defendants argue the Discovery Order should be dissolved as moot because its purpose was to prepare for the scheduled state-court temporary injunction hearing. Doc. 5, Defs.' Mot., ¶ 14. Because this case was removed to federal court, this hearing will not occur. Defendants claim, "[B]ecause the stated purpose of the Discovery Order (i.e., to prepare for the cancelled State Court Hearing) can no longer be achieved, the [Discovery] Order should be dissolved as 'moot.'" *Id.*

In general, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . by court order." Fed. R. Civ. P. 26(d)(1). The Fifth Circuit has not expressly adopted a standard for district courts to use in determining when expedited discovery is appropriate. *Greenthal v. Joyce*, 2016 WL 362312, at *1 (S.D. Tex. Jan. 29, 2016). However, courts within the Fifth Circuit have largely coalesced around the "good cause" standard. *See, e.g., Grae v. Alamo City Motorplex, LLC*, 2018 WL 4169309, at *3 (W.D. Tex. July 2, 2018) (collecting cases); *Fiduciary Network, LLC v. Buehler*, 2015 WL 11120985, at *1 (N.D. Tex. Mar. 23, 2015) (Lynn, J.) (same).

In determining whether good cause exists, courts commonly consider five factors: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the

purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 240 n.4 (S.D. Tex. 2011). The party seeking expedited discovery bears the burden of showing good cause, and the subject matter of the expedited discovery requests should be narrow in scope. *Id.* at 240. Even if the state court found good cause to expedite discovery, the Court "must make its own good cause finding to justify expedited discovery under the Federal Rules of Civil Procedure." *See Fiduciary Network*, 2015 WL 11120985, at *1.

The Court finds Jani-King has not shown good cause, thus the Discovery Order is inconsistent with federal procedural requirements and must be dissolved. The Court applies the five good cause factors. *See St. Louis Grp.*, 275 F.R.D. at 240 n.4. First, Jani-King has requested a preliminary injunction. *See* Doc. 6, Pl.'s Mot., ¶ 80. This factor supports good cause, although it is not conclusive.[3] Second, the discovery requests are broad. The Discovery Order allows Jani-King to serve four document production requests, without limitations on volume or scope. *See* Doc. 1-8, Disc. Order, ¶¶ 2–3. And it allows Jani-King to conduct two in-person, three-hour depositions at Jani-King's counsel's offices in Dallas, Texas. *Id.* ¶¶ 4–5. Third, the purpose of the Discovery Order is similarly broad. The order states "Jani-King is granted leave to engage in expedited discovery for the limited purpose of preparing for the hearing on its application for temporary injunction." *Id.* ¶ 1. Neither the Discovery Order nor Plaintiff's Motion (Doc. 6) explain what information Jani-King is

---

[3] Jani-King argues merely requesting a preliminary-injunction hearing provides good cause to order expedited discovery. Doc. 6, Pl.'s Mot., ¶ 81. In support, Jani-King cites *North American Deer Registry, Inc. v. DNA Solutions, Inc.*, 2017 WL 1426753 (E.D. Tex. Apr. 21, 2017). Although the court in *North American Deer* stated, "expedited discovery is appropriate in cases involving preliminary injunctions," the court noted in the following line that it had already found good cause to order expedited discovery in a previous order. *See id.* at *2. As the court noted above, whether a preliminary injunction is pending is only one factor courts consider when determining good cause. *See St. Louis Grp.*, 275 F.R.D. at 240 n.4.

seeking or why expedited discovery is necessary. Fourth, the burden on Defendants is significant. Each Defendant is a resident of either North Carolina or Florida. *See* Doc. 5, Defs.' Mot., ¶ 6. The Discovery Order requires them to provide substantive and meaningful responses within three calendar days and allows Jani-King to take depositions in Dallas, Texas with only three calendar days' notice. *See* Doc. 1-8, Disc. Order, ¶¶ 3–4. And the burden of meeting the broad document production requests within three calendar days is significant. Fifth, the Discovery Order was entered far in advance of the typical discovery process. Defendants had not yet been served when the Discovery Order was entered and received less than two hours' notice of the TRO hearing. *See* Doc. 5, Defs.' Mot., ¶¶ 7–8. Thus, factors two through five weigh against finding good cause.

Weighing these factors to guide its discretion, the Court finds Jani-King has not met its burden of demonstrating good cause. Although a preliminary injunction is pending, the Discovery Order's breadth, burden on Defendants, lack of specific justification, and divergence from the typical discovery process suggest good cause does not exist. For these reasons, as to the Discovery Order, Defendants' Motion is **GRANTED**, and Jani-King's Motion is **DENIED**. The Discovery Order is **DISSOLVED**.

B.      *The Temporary Restraining Order*

Jani-King asks the Court to extend the state court TRO for 14 days because the TRO will expire before the Court can hold a preliminary injunction hearing. Doc. 6, Pl.'s Mot., ¶ 39. The TRO expired on February 28, 2022, at 10:00 AM. *Id.* ¶ 36. A court may extend a TRO for up to 14 days for good cause. Fed. R. Civ. P. 65(b)(2). "Courts have found good cause to extend TROs . . . where the court needed time to fully consider the various arguments and motions of the parties . . . ." *SEC v. AriseBank*, 2018 WL 10419828, at *1 (N.D. Tex. Mar. 9, 2018) (Lynn, C.J.) (internal quotation

omitted). Because the TRO and preliminary injunction have not been fully briefed, the Court extends the TRO until March 14, 2023. The Court finds good cause for this extension to provide "time to fully consider the various arguments and motions of the parties." *See id.* Thus, as to the TRO, Jani-King's Motion is **GRANTED**, and Defendants' Motion is **DENIED**.

C.   *The Preliminary Injunction and Briefing Schedule*

The Court **GRANTS** Jani-King's Motion as to the preliminary injunction hearing and sets a preliminary injunction hearing for Tuesday, March 14, 2022, at 10:30 AM in U.S. Courthouse, Courtroom 1516, 1100 Commerce St., Dallas, TX 75242. Defendants' response to Jani-King's request for preliminary injunction is due March 8, 2023. Jani-King's reply, should it wish to file one, is due March 13, 2023.

## IV.

## CONCLUSION

For these reasons, the Court **GRANTS in part** and **DENIES in part** Defendants' Motion (Doc. 5) and **GRANTS in part** and **DENIES in part** Jani-King's Motion (Doc. 6).

As to the Discovery Order, Defendants' Motion is **GRANTED**, and Jani-King's Motion is **DENIED**. The Discovery Order is **DISSOLVED**.

As to the TRO, Jani-King's Motion is **GRANTED**, and Defendants' Motion is **DENIED**. The TRO is extended until March 14, 2023.

Finally, the Court sets a preliminary injunction hearing for Tuesday, March 14, 2022, at 10:30 AM in U.S. Courthouse, Courtroom 1516, 1100 Commerce St., Dallas, TX 75242.

SO ORDERED.

SIGNED: March 2, 2023.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE