IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JANI-KING OF MIAMI, INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | |
| RUSSELL LEICHT, MELODEE LEICHT, § | Case No. 3:23-cv-00389-B |
| JOHN DARCY, and PREMIER PROPERTIES § | |
| CLEANING SERVICES, LLC, § | |
| § | |
| Defendants. § | |

**AGREED FINAL JUDGMENT**

Plaintiff Jani-King of Miami, Inc. ("Jani-King") filed herein its First Amended Complaint and Application for Injunctive Relief (the "Amended Complaint") against Defendants Russell Leicht, Melodee Leicht, John Darcy, and Premier Properties Cleaning Services, LLC (collectively, "Defendants"). Jani-King and Defendants (collectively, the "Parties") stipulate and agree to the rendition of this Agreed Final Judgment to resolve all disputed claims asserted in this proceeding, as well as all disputed claims that may have been asserted against several nonparties hereto as reflected in the Settlement Agreement. Defendants have consented to entry of this Agreed Final Judgment without trial or adjudication of any issue of law or fact herein, and without Defendants admitting liability or wrongdoing for the claims alleged in the Amended Complaint.

Therefore, IT IS ORDERED as follows:

**I.
DEFINITIONS**

The following definitions apply to this Order:

1. "Cleaning Services" means the provision, supply, and distribution of any cleaning services for a commercial purpose, including commercial, industrial, or institutional cleaning, one time cleans, and extra work; the commercial supply and distribution of cleaning products; and the sale, provision or leasing of supplies, machinery, equipment, or goods related to the provision of any commercial cleaning services. Cleaning Services expressly excludes painting or exterior glass cleaning above eight (8) feet from floor level, or pressure washing above eight (8) feet from floor level.

2. The "Franchise Agreement" is that certain Franchise Agreement (as amended) between Jani-King and Seminole Commercial Cleaning and Maintenance Services of Florida, LLC ("Seminole Commercial") that expired on or about January 31, 2023.

3. The "Restricted Service Area" is Broward, Dade, and Palm Beach Counties in the State of Florida, excluding facilities, lands, and properties in those counties that are owned, maintained, and/or operated by the Seminole Tribe of Florida and/or Seminole Tribe of Florida, Inc.

4. The "Restricted Period" is the period commencing on the date this Order is signed, and ending on February 14, 2026.

5. The "Settlement Agreement" shall mean and refer to the Settlement Agreement and Release entered into between the Parties made effective as of the 20th day of June, 2023.

## II.
## FINDINGS

6. Defendants consent and agree to the Court's exercise of specific personal jurisdiction over them for the limited and exclusive purpose of entering and enforcing this Agreed Final Judgment.

7. Jani-King asserts that Defendants violated Texas law, Federal law, and the Franchise Agreement, as more specifically set forth in its Amended Complaint.

8. Defendants deny all allegations in the Amended Complaint.

9. Even so, Defendants agree to the terms of this Agreed Final Judgment to resolve all

disputed claims asserted in this proceeding, as well as all disputed claims that may have been asserted against several nonparties as Reflected in the Settlement Agreement.

10. The Parties waive all rights to appeal or otherwise challenge or contest the validity of this Agreed Final Judgment.

### III.
### PERMANENT INJUNCTION

11. IT IS ORDERED THAT Defendants, and all other persons in active concert or participation with them who receive actual notice of this Final Agreed Judgment, whether acting directly or indirectly, are restrained and enjoined from owning, maintaining, operating, participating in, or having any ownership interest in any business providing Cleaning Services in Broward, Dade, and Palm Beach Counties in the State of Florida for a period of two (2) years—not to exceed the Restricted Period (the "Injunctive Relief").  The Injunctive Relief granted herein is SUSPENDED.

12. Otherwise, it is ORDERED THAT Defendants, and all other persons in active concert or participation with them who receive actual notice of this Order, whether acting directly or indirectly, are restrained and enjoined from owning, maintaining, operating, participating in, or having any ownership interest in any business providing Cleaning Services in the Restricted Service Area for the Restricted Period.

13. Notwithstanding the foregoing, nothing in this Order shall prohibit Defendants from owning, directly or indirectly, solely as an investment, securities of any company providing Cleaning Services in the Restricted Service Area that is publicly traded on any national securities exchange (an "Investment Entity") so long as the Defendants do not control the Investment Entity.

### IV.
### MONETARY JUDGMENT

14. IT IS ORDERED THAT judgment in the amount of One Million Five Hundred

Thousand Dollars ($1,500,000.00) is entered in favor of Jani-King against Defendants, jointly and severally, as monetary relief (the "Monetary Judgment"), provided, however, that all of this amount shall be SUSPENDED.

## V.
## VACATUR OF SUSPENSION

15. In the event of a default by any of Defendants under the Settlement Agreement, upon motion filed by Jani-King and sufficient proof of such event of default as determined by the Court, the suspension of the Injunctive Relief and Monetary Judgment set forth in Paragraphs 11 and 14 above shall be LIFTED as to all Defendants. In the event the suspension is LIFTED: (1) the full amount of the Monetary Judgment set forth in Paragraph 14 shall immediately become due, plus any interest from the date of entry of this Agreed Final Judgment pursuant to 28 U.S.C. § 1961, less any payments already made by Defendants under the Settlement Agreement; and (2) the Injunctive Relief shall immediately become effective. Defendants shall have opportunity to object, respond to, and be heard in connection with any motion filed by Jani-King alleging an event of default and/or requesting the vacatur of the suspension set forth herein.

## VI.
## RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Agreed Final Judgment.

SO ORDERED this 23rd day of June, 2023.

_____
The Honorable Judge Jane J. Boyle
U.S. District Court for the Northern District of Texas